IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CRAIG HRUBY, | ) | CASE NO. 3:06 CV 1362 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| JULIUS WILSON, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me by referral[1] is the *pro se* petition of Craig S. Hruby for a writ of habeas corpus under 28 U.S.C. § 2254.[2] Hruby is currently incarcerated at Richland Correctional Institution in Mansfield, Ohio, where he is serving an aggregate term of eight years in prison imposed by the Ottawa County Common Pleas Court in 2004. Hruby was sentenced after being convicted at a jury trial on two counts of gross sexual imposition involving his minor step-daughter.[3]

Hruby here raises two grounds for relief[4] that the State asserts are both procedurally defaulted. The State maintains that the petition should be dismissed because Hruby did not

---

[1] ECF # 7.

[2] ECF # 1.

[3] *Id*. at 1.

[4] *Id*. at 4(a)1, 6. Hruby did not paginate the petition. I determined the page numbers and provide them here as a convenience to the District Judge.

first raise these issues at trial as provided for by Ohio's contemporaneous objection rule and further because the Ohio courts enforced that rule in declining to reach the merits of Hruby's claims.[5]

For the reasons that follow, I will recommend finding the State's position well-taken and so also recommend dismissing Hruby's petition as procedurally defaulted.

## Facts

### A. Underlying offense/trial/sentencing

Hruby was indicted in 2003 in Ottawa County on four counts of gross sexual imposition. All charges arise from conduct involving his minor step-daughter[6] in 1998.[7] Previously, Hruby had also been indicted in Cuyahoga County on one count of rape and 66 counts of gross sexual imposition for conduct involving this same step-daughter between 1992 and 1996.[8] The Cuyahoga County case had been dismissed prior to the Ottawa County indictments after the trial court granted Hruby's pretrial motion *in limine* to exclude the testimony of a physician who examined the victim some eight years after the alleged rape.[9]

---

[5] ECF # 14 at 15, 21.

[6] Hruby's step-daughter was 11 years old at the time of the alleged offenses in 1998. *See*, ECF # 15 at 40.

[7] *Id.* at 1-2.

[8] *Id.* at 198.

[9] *See*, *State v. Hruby*, No. 81303, 2003 WL 360936 (Ohio Ct. App., Feb. 20, 2003) (*Hruby I*).

Before Hruby's trial in Ottawa County began, he filed motions *in limine* seeking to exclude: (1) the testimony of a physician who examined the victim in 2001 concerning Hruby's alleged conduct in 1998,[10] and (2) evidence of Hruby's prior conduct with the victim in Cuyahoga County between 1992-96.[11] Hruby also moved before trial for an order prohibiting the prosecution from referring to his step-daughter as a "victim" since that term would allegedly be unduly prejudicial to the jury.[12]

At a hearing, the trial court first denied Hruby's motions concerning the examining physician's testimony and use of the word "victim."[13] Later, it then separately considered the State's written opposition to the motion addressing prior acts testimony[14] before denying that motion in a written opinion, concluding that evidence concerning the Cuyahoga County acts was admissible to prove opportunity and to show a method of control relative to the acts charged in the Ottawa County indictments.[15]

---

[10] ECF # 15 at 9-10.

[11] *Id.* at 14-16.

[12] *Id.* at 11-13.

[13] *See*, *id.* at 18.

[14] *Id*. at 17.

[15] *Id.* at 18-20.

Subsequent to these rulings, a jury trial commenced.[16] During the course of the trial, Hruby's attorney successfully moved to have count four of the indictment dismissed.[17] In the end, the jury acquitted Hruby of count one, but found him guilty as to both remaining counts.[18] After a sentencing hearing, Hruby was then sentenced, as noted, to two consecutive four-year terms in prison and was found to be a sexually oriented offender.[19]

**B.    Direct appeal**

Following conviction and sentencing, Hruby, now acting through new counsel, timely filed a notice of appeal.[20] In the supporting brief, Hruby asserted the following six assignments of error:

1.  The defendant-appellant was denied due process of law when the trial court did not hold an admissibility hearing pursuant to the requirements of Section 2907.05(E) of the Ohio Revised Code.

2.  The trial court committed reversible error when it allowed hearsay evidence to be considered by the jury.

3.  The trial court erred in denying defendant-appellant's motion for mistrial in that the prejudice created by the testimonial evidence of the expert witness far outweighed the probative value.

---

[16] *Id*. at 198.

[17] *Id*. at 21.

[18] *Id.*

[19] *Id*. at 23-27.

[20] *Id*. at 28-29.

    4.       The trial court erred by allowing the jury to consider evidence of prior bad acts as it violated the double jeopardy clause of the Fifth Amendment of the United States Constitution and Article Ten of the Ohio Constitution.

    5.       The trial court erred in imposing an eight year sentence upon defendant-appellant in that it did not comply with the requirements of Ohio Revised Code Sections 2929.11 et seq.

    6.       The trial court abused its discretion imposing an eight year sentence upon defendant-appellant as it was against the manifest weight of the evidence.[21]

The State filed a brief contesting the arguments raised by Hruby,[22] to which Hruby filed a reply brief.[23] The Ohio appeals court thereupon overruled all of Hruby's assignments of error, affirming his conviction and sentence.[24]

Hruby, still represented by the same appellate counsel, then filed a timely notice of appeal[25] and jurisdictional memorandum[26] with the Supreme Court of Ohio, presenting two propositions of law:

---

[21] *Id*. at 36-37.

[22] *Id.* at 86-109.

[23] *Id*. at 182-95.

[24] *Id*. at 196-219; *see also*, *State v. Hruby*, No. OT-04-092, 2005 WL 1793772 (Ohio Ct. App., July 29, 2005) (*Hruby II*).

[25] ECF # 15 at 236-37.

[26] *Id*. at 238-55.

1. The Fifth and Fourteenth Amendments of the Constitution of the United States and Section 10 of the Constitution of the State of Ohio collectively guarantee that persons accused of crimes shall be afforded the right of due process, including the judicial enforcement of legislative laws of the State of Ohio.

2. The Fifth and Fourteenth Amendments of the Constitution of the United States and Section 10 of the Constitution of the State of Ohio collectively guarantee that persons accused of crimes shall be afforded the right to due process, including the right to a fair and impartial trial.[27]

The State filed a brief in response,[28] and the Ohio Supreme Court denied leave to appeal, dismissing the appeal as not involving any substantial constitutional question.[29] Subsequent to this decision, Hruby did not seek a writ of certiorari from the United States Supreme Court.[30]

**C.     Federal habeas petition**

Hruby then, *pro se*, timely filed this present petition for federal habeas relief, asserting two grounds for relief:

1. [C]onvict[ion] obtained in violation of the Federal Constitution's Fifth and Fourteenth Amendments where the state trial court deprived petitioner due process of law by erroneously admitting highly prejudicial evidence of 'prior bad acts' the effect of which deprived petitioner of a fundamentally fair trial. see: U.S.C.A. Const. Amend. 5, 6, and 14.

---

[27] *Id.* at 239.

[28] *Id*. at 300-08.

[29] *Id*. at 309.

[30] *See*, ECF # 1 at 2.

    2.     [C]onviction obtained in violat[ion] of the Fifth and Fourteenth Amendments where the state trial court, and in acting 'arbitrarily and unconscionably' patently failed to make specific rulings regarding the admissibility of certain highly prejudicial evidence, which evidence, being unsubstantiated and irrelevant, did deprive petitioner of a fundamentally fair trial. see: U.S.C.A. Const. Amends. 5, 6, and 14.[31]

Hruby also seeks an evidentiary hearing.[32]

The State, in its return, argues first that, because Hruby did not make a contemporaneous objection during trial to the alleged failure of the trial court to hold an admissibility hearing on the prior acts evidence, ground one was defaulted or waived, and the state appeals court relied on this waiver in denying the claim.[33] Moreover, the State also asserts that, even if this claim is not waived, it is non-cognizable as it is purely an evidentiary issue of state law.[34]

The State maintains as to Hruby's second ground that it, too, is procedurally defaulted or waived because Hruby did not present the same claim under the same theory to the state courts and also because Hruby did not contemporaneously object at trial to the introduction of this evidence.[35] In addition, as with ground one, the State also asserts that ground two is non-cognizable as a purely state law evidentiary issue.[36]

---

[31] *Id.* at 12, 17-18 (brackets and underlining in original).

[32] *Id.* at 7-8.

[33] ECF # 11 at 14-15.

[34] *Id*. at 15-17.

[35] *Id.* at 20-22.

[36] *Id*. at 22-23.

Finally, the State argues that Hruby is not entitled to an evidentiary hearing.[37]

Hruby, in his traverse, contends initially that the State has argued only procedural issues, and has not directly challenged the merits of his two claims.[38] As to any procedural default, Hruby appears to argue first that no procedural default occurred[39] and, further, if one did occur, it can be excused because the asserted error "was of such 'pernicuous (sic) and prejudicial affect' (sic) as to have amounted to a denial of a fundamentally fair trial."[40] Finally, Hruby again argues for an evidentiary hearing.[41]

For the reasons that follow, I will recommend finding that Hruby's petition should be dismissed as procedurally defaulted and/or, alternatively, that ground one be dismissed and that ground two be denied inasmuch as there is no showing under the second ground that the trial court's evidentiary decisions resulted in a fundamentally unfair trial. I also, accordingly, will recommend that no evidentiary hearing be held on this motion.

---

[37] *Id*. at 23-24.

[38] ECF # 14 at 5.

[39] *Id.* at 9.

[40] *Id.* at 10-12.

[41] *Id.* at 12.

**Analysis**

**A.     Standards of review**

*1.     Procedural default*

Under the doctrine of procedural default, a federal habeas court is precluded from reviewing a ground for relief if the petitioner failed to obtain consideration of that ground in state court either because he failed to properly raise it while state remedies were still available or because the state court declined to reach the merits of the ground because of a violation of some state procedural rule.[42]

When a violation of a state procedural rule is alleged as the basis for the default, the Sixth Circuit has long-employed a four-part test to determine if the ground is procedurally defaulted:

1. Does a state procedural rule exist that applies to the petitioner's claim?

2. Did the petitioner fail to comply with that rule?

3. Did the state court rely on that failure as the basis for its refusal to consider the merits of the petitioner's claim?

4. Is that state rule an adequate and independent state law basis for barring the federal habeas court from considering the claim?[43]

---

[42] *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006) (citation omitted).

[43] *Morales v. Mitchell*, 507 F.3d 916, 937 (6th Cir. 2007) (citation omitted).

In addition to these elements, the state procedural rule must also be shown to be firmly established and regularly followed.[44]

Where the default was allegedly caused by the petitioner's failure to fairly or properly present his federal ground in state court, the court must first determine if the ground was fairly presented to the state courts as a federal constitutional claim.[45] In that regard, general allegations that the petitioner was denied a "fair trial" or "due process" do not fairly present a ground that a specific federal constitutional right was violated.[46] Similarly, it is not enough that facts necessary to support a federal ground were presented to the state court or that a similar state law ground was made.[47] Essentially, the petitioner must present the same ground under the same theory to the state court as is now presented to the federal court.[48]

If it is determined that a ground was not fairly presented in state court, the federal court must ascertain if state remedies are still available to consider it. If a state remedy is still available, the ground is not exhausted, and the state courts must be given an opportunity to

---

[44] *Smith v. Ohio Dept. of Rehab. & Corrs.*, 463 F.3d 426, 431 (6th Cir. 2006) (citations omitted).

[45] *Deitz v. Money*, 391 F.3d 804, 808 (6th Cir. 2004).

[46] *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).

[47] *Anderson v. Harless*, 459 U.S. 4, 6 (1982).

[48] *Pillette v. Foltz*, 824 F.2d 494, 496 (6th Cir. 1987).

consider it before federal habeas review.[49] If no further state remedies exist, there is no lack of exhaustion, and the ground is procedurally defaulted or waived.[50]

### 2. *Overcoming procedural default*

Once determined, procedural default or waiver may be overcome if the petitioner can show both cause for the default and actual prejudice from the alleged federal constitutional violation or if the petitioner can show actual innocence.[51]

To establish "cause" for the default, a petitioner must generally show that some objective factor, something external to the petitioner that cannot fairly be attributable to him, precluded his compliance with the state procedural rule.[52] When ineffective assistance of counsel is offered as the cause for a default, the ineffective assistance of counsel claim itself must have been first fairly presented to and exhausted in state court before it may excuse the default.[53]

Demonstrating "prejudice" requires a petitioner to show that the alleged error worked to the petitioner's actual and substantial disadvantage, infecting the entire proceeding with

---

[49] *McMeans*, 228 F.3d at 681.

[50] *Fautenberry v. Mitchell*, 515 F.3d 614, 628 (6th Cir. 2008) (citation omitted).

[51] *Deitz*, 391 F.3d at 808.

[52] *Coleman v. Thompson*, 501 U.S. 722, 753 (1991).

[53] *Edwards v. Carpenter*, 529 U.S. 446, 451-53 (2000).

error of a constitutional dimension.[54] There can be no prejudice where the petitioner cannot show a reasonable probability of a different outcome at trial.[55]

Finally, a petitioner may overcome procedural default and obtain a review of his ground by the federal habeas court if he can show, through new, reliable evidence not available at trial, "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence."[56]

**B.     Ground one is procedurally defaulted or waived because Hruby failed, as required by Ohio rule, to make a contemporaneous objection at trial to the failure to hold an admissibility hearing, and the state court denied this claim on the basis of his violation of the rule.**

Initially, I note that Hruby's first ground for relief says only that the trial court erred by admitting evidence of prior bad acts, which admission allegedly deprived Hruby of a fair trial. The State, in attempting to evaluate this ground, assumes that ground one restates Hruby's argument on direct appeal that the trial court erred in not holding a hearing on the admissibility of this evidence and concludes that, so understood, the ground is procedurally defaulted because the state appeals court found that Hruby did not raise a timely objection to the trial court's failure to hold such a hearing.[57] Hruby, in his traverse, explicitly adopts

---

[54] *United States v. Frady*, 456 U.S. 152, 170 (1982).

[55] *Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003).

[56] *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

[57] ECF # 11 at 13-15.

this reading of ground one[58] but argues that he should now be permitted to overcome the procedural default because the admission of the prior bad acts evidence resulted in a fundamental miscarriage of justice.[59]

With that foundation, I recommend concluding first that ground one is procedurally defaulted. As the State notes, and Hruby concedes, this claim was raised on direct appeal and the state appeals court denied it, ruling that Hruby's failure to object at trial to the lack of a hearing waived his statutory right to such a hearing under Ohio law.[60] Ohio's contemporaneous objection rule[61] is recognized as an adequate and independent state law basis for precluding federal habeas review that is regularly followed.[62]

I further recommend finding that Hruby has not provided a basis by which this Court may excuse the waiver and consider his claim. Specifically, Hruby has not shown there is a fundamental miscarriage of justice such as would overcome the waiver.

A fundamental miscarriage of justice has been understood to mean the conviction of one who is actually innocent.[63] Hruby contends that he can establish that the evidence of

---

[58] ECF # 14 at 4-6.

[59] *Id.* at 8.

[60] *Hruby II*, 2005 WL 1793772, at *2.

[61] The rule was applied here by *State v. Acre*, 6 Ohio St. 3d 140, 144, 451 N.E.2d 802, 805 (1983), to a defendant's ability to waive, through a failure "to make a timely request for it," his statutory right to a hearing prior to the admission of "other acts" evidence of a defendant's sexual history with a victim.

[62] *Mason*, 320 F.3d at 635.

[63] *Lundgren*, 440 F.3d at 764 (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

prior acts was untrue and that, with a hearing before this Court, he could then show he is actually innocent of the offenses for which he was convicted.[64]

In fact, as previously noted, the test is whether Hruby can show, through new, reliable evidence not available at trial, that no reasonable juror would have convicted him. Hruby here makes no reference to any new evidence, reliable or otherwise, not available at trial.[65] Moreover, even if the prior acts evidence was not before this jury, the undeniable fact is that the jury heard directly from the victim who testified concerning Hruby's actions towards her.[66] Thus, there is simply no plausible basis to suggest that no reasonable juror would have convicted Hruby even if the prior acts evidence was excluded, and certainly no basis for concluding that there is new, reliable evidence not available at trial such that no reasonable juror would now convict Hruby.

Accordingly, I further recommend finding that Hruby has not established a basis for overcoming his procedural default in ground one and so this ground should be dismissed.

---

[64] ECF # 14 at 9.

[65] Hruby appears to repeatedly misconstrue the test for establishing prejudice from procedural default – was the entire trial infected with error of a constitutional dimension – with the test for establishing a fundamental miscarriage of justice – on the basis of new, reliable evidence not available at trial, would any reasonable juror convict.

[66] *See*, *Hruby II*, 2005 WL 1793772, at *3.

**C.     Ground two should be dismissed as procedurally defaulted because it was presented to the state courts as a different claim with a different theory, and Hruby has not here excused the default.**

In the second ground for relief, Hruby argues that he was denied a fair trial when the trial court allowed the use of the prior acts testimony.[67] The State observes that Hruby presented this claim to the Ohio appeals court based on the different premise of the trial court's alleged error in not declaring a mistrial after Hruby had asked for one.[68] Hruby once again does not directly challenge the State's account but argues that since a motion for mistrial rests "upon a platform of 'fundamental fairness,'" the State is here attempting to "elevate form over substance" with its contention that he has not presented the same ground under the same theory to the federal court as he did to the Ohio courts.[69]

An examination of the trial transcript addressing the motion for a mistrial,[70] Hruby's brief on direct appeal concerning this issue,[71] and the state appeals court decision on this matter[72] reveals that the ground, as developed in state court, focused on the trial court's alleged error in denying a mistrial when moved to do so. However, as the state appeals court pointed out, that motion for a mistrial was specifically based on (1) an allegedly improper

---

[67] *See*, ECF # 1 at 17-18; ECF # 14 at 10.

[68] ECF # 11 at 20-22.

[69] ECF # 14 at 10.

[70] ECF # 15 at 611-15.

[71] *Id*. at 47-50.

[72] *Hruby II*, 2005 WL 1793772, at **4-6.

comment by a prosecution witness as to the victim's veracity, and (2) purportedly prejudicial testimony by the same witness that Hruby was an "opportunist."[73] The appeals court was clear in observing that Hruby "never predicated a motion for a mistrial on the introduction of his prior bad acts evidence into evidence."[74] Accordingly, the appellate court (1) refused to consider any claim of error related to failing to grant a mistrial based on prior bad acts evidence, and (2) denied the claim as it related to the other two grounds on the basis that the trial court did not abuse its discretion.[75]

In this present posture, I recommend finding that the State's analysis of ground two is correct. This ground was presented to the state courts as a state law claim that the trial court had abused its discretion in denying a motion for a mistrial that did not include the introduction of prior acts evidence. The ground here is that the trial court "failed to make specific rulings regarding the admissibility and introduction of certain highly prejudicial evidence," which evidence then "deprive[d] [Hruby] of a fundamentally fair trial."[76]

It seems clear initially that contesting the trial court's ruling in denying a motion, as Hruby did in state court, is not the same as claiming, as he does here, that the court failed to make a ruling. Further, it is equally clear that the state court claim, by focusing only on the denial of a motion for mistrial, raised only a state law issue of abuse of discretion. Finally,

---

[73] *Id.*, at *4.

[74] *Id.*

[75] *Id.*, at **4-6.

[76] ECF # 1 at 18-19.

as noted previously, simply inserting the general ground that unspecified actions at trial deprived the petitioner of a "fair trial" is not sufficient to fairly present a federal constitutional claim, nor is it sufficient that an analogous state law claim was asserted. In addition, I note that Hruby has again made no effort to excuse any procedural default. Thus, I recommend finding that ground two should be dismissed as procedurally defaulted for lack of fair presentment.

Alternatively, as also noted by the State, this claim involves a state law ruling that is non-cognizable[77] unless that ruling deprived petitioner of a fundamentally fair trial.[78] Here, even if it could be determined which rulings the trial court failed to make concerning "highly prejudicial evidence" that are at issue, Hruby would not be able to meet the test for a denial of fundamental fairness.

Federal habeas courts have affirmed the use of other acts evidence as not an unreasonable application of clearly established federal law when the state court determines, as here, that the evidence is offered for the limited purpose of showing motive or opportunity and the probative value of the evidence is judged to outweigh the risk of unfair prejudice.[79] Indeed, the federal courts have concluded that weighing the risk against the probative value in circumstances such as this is "a task properly reserved for the trial court."[80]

---

[77] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

[78] *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

[79] *Clark v. O'Dea*, 257 F.3d 498, 503 (6th Cir. 2001).

[80] *Id*.

Moreover, I would also note again that any risk here was mitigated by the fact the victim herself testified directly that Hruby did commit the acts he was charged with committing. As such, it is hard to conceive that the prior acts evidence was so critical that excluding it would have resulted in an acquittal.[81]

Thus, alternatively and in addition to recommending that ground two be dismissed as procedurally defaulted, I recommend that ground two be denied because Hruby cannot show that the prior acts evidence was so critical to his case that not admitting it deprived him of a fundamentally fair trial.

## Conclusion

For the foregoing reasons, I recommend that Craig Hruby's petition for habeas relief be dismissed and/or denied. I also recommend that given this disposition, no evidentiary hearing be conducted.

Dated: November 25, 2008                    s/ William H. Baughman, Jr.
                                            United States Magistrate Judge

---

[81] *See*, *Chambers v. Mississippi*, 410 U.S. 284, 302 (1973) (in assessing whether admitting or denying evidence resulted in a fundamentally unfair trial, courts look first to whether that evidence was "critical" to the case); *Turpin v. Kassulke*, 26 F.3d 1392, 1396 (6th Cir. 1994).

x

**Objections**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[82]

---

[82] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).