UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

CRAIG HRUBY :
: CASE NO. 3:06-CV-1362
           Petitioner, :
:
vs. : OPINION & ORDER
: [Resolving Doc. Nos. 1, 17 & 18.]
JULIUS WILSON :
:
           Respondent. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On June 2, 2006, Petitioner Craig Hruby filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. [Doc. 1.] With his petition, Hruby seeks relief from the judgment and sentence that an Ohio state court imposed following his conviction on two counts of gross sexual imposition. [*Id.* at 1.] Respondent Julius Wilson opposes the petition. [Doc. 11.]

On November 25, 2008, Magistrate Judge William H. Baughman, Jr. filed a Report and Recommendation that recommended the Court deny the Petitioner's writ. [Doc. 17.] The Petitioner objects to the Magistrate Judge's Report and Recommendation. [Doc. 18.] For the reasons provided below, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation and **DENIES** Petitioner Hruby's request for habeas relief.

**I. Background**

Petitioner Hruby was convicted before the Court of Common Pleas, Ottawa County, of two counts of gross sexual imposition in violation of R.C. 2907.05. In the underlying state criminal case,

Case No. 3:06-CV-1362
Gwin, J.

the Petitioner's stepdaughter accused him of having improper sexual contact with her between July 4, 1998 and September 29, 1998, shortly after the family had moved to Ottawa County; the Petitioner's stepdaughter was 11 years old at the time. [Doc. 15, Ex. 15 at 5.] The Petitioner's stepdaughter only told her mother about the Petitioner's actions in May 2003, at which point her mother confronted the Petitioner.

On August 11, 2003, an Ottawa County grand jury indicted Hruby on four counts of gross sexual imposition. [*Id.*] A Cuyahoga County grand jury also indicted Hruby on one count of rape and 66 counts of gross sexual imposition. [*Id.*] These charges arose out of Hruby's alleged inappropriate sexual contact with his stepdaughter between January 1992 and December 1996 while the family was living in Cuyahoga County. The Cuyahoga County case was dismissed after the State lost a Crim. R. 12(K) appeal. [*Id.*]

On February 17, 2004, Petitioner Hruby filed a motion *in limine* in the Court of Common Pleas, Ottawa County, asking the trial court to exclude evidence of Hruby's prior bad acts in Cuyahoga County. [*Id.*] In a March 23, 2004 ruling, the trial court held that the evidence of the prior bad acts would be admissible at trial. [*Id.*] Hruby's trial began on March 30, 2004. [*Id.*] During the course of trial, Hruby's attorney made a Crim. R. 29 motion to dismiss one of the counts of gross sexual imposition, which the court granted. [*Id.*] At the conclusion of the trial, the jury acquitted Hruby of one count of gross sexual imposition and convicted him of two counts of gross sexual imposition. [*Id.*] After a sentencing hearing that took place on May 27, 2004, the trial court, on June 8, 2004, sentenced Hruby to two four year prison terms, to be served consecutively; Hruby was also found to be a sexually oriented offender. [*Id.*]

Petitioner Hruby, acting through new counsel, appealed his conviction and sentence to the

Case No. 3:06-CV-1362
Gwin, J.

state court of appeals on June 8, 2004. [Doc. 15, Ex. 10.] Hruby presented six assignments of error in the supporting brief:

> 1. The defendant-appellant was denied due process of law when the trial court did not hold an admissibility hearing pursuant to the requirements of Section 2907.05(E) of the Ohio Revised Code.
>
> 2. The trial court committed reversible error when it allowed hearsay evidence to be considered by the jury.
>
> 3. The trial court erred in denying defendant-appellant's motion for mistrial in that the prejudice created by the testimonial evidence of the expert witness far outweighed the probative value.
>
> 4. The trial court erred by allowing the jury to consider evidence of prior bad acts as it violated the double jeopardy clause of the Fifth Amendment of the United States Constitution and Article Ten of the Ohio Constitution.
>
> 5. The trial court erred in imposing an eight year sentence upon defendant-appellant in that it did not comply with the requirements of Ohio Revised Code Sections 2929.11, *et seq*.
>
> 6. The trial court abused its discretion [in] imposing an eight year sentence upon defendant appellant[,] as it was against the manifest weight of the evidence.

[Doc. 15, Ex. 11 at 2-3.] On July 29, 2005, the state court of appeals overruled all of the Petitioner's assignments of error and affirmed the judgment and sentence of the trial court. [Doc. 15, Ex. 14 at 23-24.]

Represented by the same appellate counsel, Petitioner Hruby filed a timely appeal with the Supreme Court of Ohio, presenting two propositions of law:

> 1. The Fifth and Fourteenth Amendments of the Constitution of the United States and Section 10 of the Constitution of the State of Ohio collectively guarantee that persons accused of crimes shall be afforded the right of due process, including the judicial enforcement of legislative laws of the State of Ohio.
>
> 2. The Fifth and Fourteenth Amendments of the Constitution of the United States and

Case No. 3:06-CV-1362
Gwin, J.

> Section 10 of the Constitution of the State of Ohio collectively guarantee that persons accused of crimes shall be afforded the right to due process, including the right to a fair and impartial trial.

[Doc. 15, Ex. 18 at 2.] On December 28, 2005, the Supreme Court of Ohio declined to hear Hruby's case and dismissed the appeal as not involving any substantial constitutional question. [Doc. 15, Ex. 20.]

On June 2, 2006, Petitioner Hruby, proceeding *pro se*, filed a petition for a writ of habeas corpus in this Court, [Doc. 1], asserting two grounds for relief:

> 1. [C]onvict[ion] obtained in violation of the Federal Constitution's Fifth and Fourteenth Amendments where the state trial court deprived [the P]etitioner [of] due process of law by erroneously admitting highly prejudicial evidence of "prior bad acts[,]" the effect of which deprived [the P]etitioner of a fundamentally fair trial.
>
> 2. [C]onviction obtained in violat[ion] of the Fifth and Fourteenth Amendments where the state trial court, . . . acting "arbitrarily and unconsionably[,]" patently failed to make specific rulings regarding the admissibility of certain highly prejudicial evidence, which evidence, being unsubstantiated and irrelevant, did deprive [the P]etitioner of a fundamentally fair trial.

[Doc. 1 at 12, 17-18.]

After Respondent Julius Wilson filed a return of writ on January 30, 2007, [Doc. 11], Magistrate Judge Baughman, Jr. filed a Report and Recommendation that recommended the Court deny Petitioner Hruby's petition. [Doc. 17.] The Petitioner objects to the Magistrate Judge's Report and Recommendation. [Doc. 18.] The Court considers each of the Petitioner's objections below.

## II. Legal Standard

*A. Federal Magistrates Act*

The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of a Report and Recommendation to which an objection has been made. *See* 28

Case No. 3:06-CV-1362
Gwin, J.

U.S.C. § 636(b)(1). As noted in Magistrate Judge Baughman, Jr.'s Report and Recommendation, any objections must be filed with the Clerk of Court within ten days of the report's issuance. Parties waive their right to appeal the Magistrate Judge's Recommendation if they fail to object within the time allotted. *See id.*

*B. The Antiterrorism and Effective Death Penalty Act*

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), governs collateral attacks on state court decisions. The AEDPA provides that federal courts cannot grant a habeas petition for any claim that the state court adjudicated on the merits unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d); *see also Miller v. Francis,* 269 F.3d 609, 614 (6th Cir. 2001).

The United States Supreme Court outlined the proper application of § 2254(d) in *Williams v. Taylor,* 529 U.S. 362 (2000). To justify a grant of habeas relief under the "contrary to" clause, "a federal court must find a violation of law clearly established by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision." *Miller,* 269 F.3d at 614 (quoting *Williams,* 529 U.S. at 412) (internal quotations omitted). A federal habeas court may grant the writ "under the 'unreasonable application' clause . . . if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413 (citations omitted). The Sixth Circuit holds that, even

Case No. 3:06-CV-1362
Gwin, J.

if a federal court determines that a state court incorrectly applied federal law, the federal court still cannot grant habeas relief unless it also finds that the state court ruling was unreasonable. *Simpson v. Jones,* 238 F.3d 399, 405 (6th Cir. 2000).

*C. Exhaustion Standard*

State prisoners must exhaust their state remedies prior to raising claims in federal habeas corpus proceedings. *See* 28 U.S.C. § 2254(b)-(c); *Rose v. Lundy,* 455 U.S. 509 (1982). This requirement is satisfied "when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander,* 912 F.2d 878, 881 (6th Cir. 1990). If relief is no longer available in state court, however, exhaustion can be rendered moot: "If no remedy exists, and the substance of a claim has not been presented to the state courts, no exhaustion problem exists; rather, it is a problem of determining whether cause and prejudice exist to excuse the failure to present the claim in the state courts." *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994).

*D. Procedural Default Standard*

A claim may become procedurally defaulted in two ways. First, a petitioner may fail to comply with a state procedural rule in presenting his claim to the appropriate state court. *See Franklin v. Anderson,* 434 F.3d 412, 417 (6th Cir. 2006). In deciding whether a petitioner's federal claim is procedurally defaulted because of his noncompliance with a state procedural rule, the Sixth Circuit examines four factors: (1) whether there is a state procedural rule that applies to the petitioner's claim and whether the petitioner failed to comply with that rule; (2) whether the state courts actually enforced the procedural rule at issue; (3) whether the state procedural forfeiture is an

Case No. 3:06-CV-1362
Gwin, J.

adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim; and (4) if the petitioner did not comply with a state procedural rule that constituted an adequate and independent state ground, whether the petitioner has demonstrated that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error. *See Buell v. Mitchell*, 274 F.3d 347, 348 (6th Cir. 2001); *see also Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).

Second, a petitioner may cause his claim to be procedurally defaulted by failing to raise it in state court and to pursue it through the state's "ordinary appellate review procedures." *O'Sullivan v. Boerckel*, 526 U.S. 838, 847 (1999). If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, the claim is procedurally defaulted. *See Engle v. Isaac*, 456 U.S. 107, 125 n. 28 (1982); *see also Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). This notion differs from exhaustion, as AEDPA's exhaustion requirement only "refers to remedies still available at the time of the federal petition." *Engle*, 456 U.S. at 125 n. 28. Thus, when state court remedies are no longer available to a petitioner because he fails to use them within the required time period, procedural default – not exhaustion – bars federal court review. *See id.* In Ohio, a petitioner cannot raise a claim in post-conviction proceedings when this claim could have been litigated before judgment or on direct appeal. *See id.* As a result, if an Ohio petitioner fails to adequately raise a claim on direct appeal, the claim is procedurally defaulted. *See id.*

To adequately raise a claim on direct appeal, a petitioner must "fairly present" the claim to the state court. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). In doing so, a "petitioner must present his claim to the state courts as a federal constitutional issue – not merely as an issue arising under state law." *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). A petitioner can

Case No. 3:06-CV-1362
Gwin, J.

demonstrate that his claim has been fairly presented to the state court as a federal constitutional claim by: (1) relying upon federal cases employing constitutional analysis; (2) relying upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law. *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003).

A habeas court will consider the merits of a federal claim that was procedurally defaulted in the state court only if "the petitioner can show cause to excuse his failure to present the claim[] appropriately in state court[] and actual prejudice as a result." *Stanford v. Parker*, 266 F.3d 442, 451 (6th Cir. 2001); *see also Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Teague v. Lane*, 489 U.S. 288, 298-99 (1989). To demonstrate cause, the petitioner must establish "that an 'objective factor external to the defense impeded counsel's efforts to comply' with the state procedural rule." *Franklin*, 434 F.3d at 417 (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). To demonstrate prejudice, the petitioner must show "that the errors at trial 'worked to [petitioner's] *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Jells v. Mitchell*, 538 F.3d 478, 488 (6th Cir. 2008) (citing *United States v. Frady,* 456 U.S. 152, 170 (1982)). Under this standard, prejudice does not occur unless the petitioner demonstrates that there is "a reasonable probability" that the outcome of the trial would have been different. *Mason v. Mitchell,* 320 F.3d 604, 629 (6th Cir. 2003) (citing *Strickler v. Greene,* 527 U.S. 263, 289 (1999)).

Finally, "[i]n cases involving probable innocence, courts address the merits of the defaulted claim to avoid a fundamental miscarriage of justice." *Stanford*, 266 F.3d at 452; *see also Schlup v. Delo,* 513 U.S. 298, 317-23 (1995). In claiming that "a constitutional violation has 'probably

Case No. 3:06-CV-1362
Gwin, J.

resulted' in the conviction of one who is 'actually innocent' of the substantive offense," *Jones v. Bradshaw*, 489 F. Supp. 2d 786, 806 (N.D. Ohio 2007) (citing *Dretke v. Haley*, 541 U.S. 386, 392 (2004)), a petitioner must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. "[A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare" and, as a result, "claims of actual innocence are rarely successful." *Id.* at 324.

### III. Analysis

*A. First Ground for Relief*

In his first ground for federal habeas relief, Petitioner Hruby contends that the trial court erred in admitting evidence of his prior bad acts and that the admission of this evidence deprived Hruby of a fair trial.[1] Because this claim is procedurally defaulted, the Court cannot consider it or grant Hruby the relief that he seeks.

Hruby concedes that he initially raised this ground for relief on direct appeal, [Doc. 14 at 4], and that the state court of appeals denied it, concluding that Hruby's failure to object at trial to the fact that the trial court did not hold an admissibility hearing concerning the evidence of his prior bad acts resulted in a waiver of Hruby's statutory right to such a hearing under Ohio law. [Doc. 15, Ex. 14 at 4.] The Sixth Circuit has held that "Ohio's contemporaneous objection rule constitutes an adequate and independent state law ground that bars federal habeas review absent a showing of cause and prejudice." *Mason*, 320 F.3d at 635 (citing *Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir.

---

[1] As he states in his traverse, Hruby's first ground for habeas relief specifically concerns the allegation that the trial court's failure to hold an admissibility hearing pursuant to the requirements of O.R.C. § 2907.05(E) deprived Hruby of a fair trial. [Doc. 14 at 4.]

-9-

Case No. 3:06-CV-1362
Gwin, J.

2001)). As Hruby does not make a showing of cause and prejudice to excuse the procedural default of his first ground for relief, the Court is barred from considering this claim.

*B. Second Ground for Relief*

In his second ground for federal habeas relief, Petitioner Hruby argues that the trial court failed to make specific rulings regarding the admissibility of certain evidence, thereby depriving Hruby of a fair trial.[2/] Because this claim is procedurally defaulted, the Court is barred from considering it.

Petitioner Hruby appears to argue that his second ground for habeas relief is identical to his third assignment of error that he presented on direct appeal to the state court of appeals: "[t]he trial court erred in denying defendant-appellant's motion for mistrial in that the prejudice created by the testimonial evidence of the expert witness far outweighed the probative value." [Doc. 15, Ex. 11 at 2.] Hruby acknowledges, however, that the claim presented to the state court of appeals was a wholly different theory than the one Hruby now presents before the Court. [Doc. 14 at 4.] Hruby asked the state court of appeals to determine whether the trial court abused its discretion in denying his motion for a mistrial – a state law claim, whereas he now asks this Court to determine whether the trial court violated his right to a fair trial in denying his motion for a mistrial – a federal constitutional claim.

Petitioner Hruby's second ground for habeas relief is therefore procedurally defaulted because he failed to "fairly present" it to the state court in the form of a federal constitutional claim. *See McMeans*, 228 F.3d at 681; *Koontz*, 731 F.2d at 368. As the Sixth Circuit has held, "[a] violation of state law is not cognizable in federal habeas corpus unless such error amounts to a fundamental

---

[2/] According to Hruby's traverse, his second ground for habeas relief specifically concerns his contention that the trial court erred in denying his motion for a mistrial. [Doc. 14 at 4.]

Case No. 3:06-CV-1362
Gwin, J.

miscarriage of justice or a violation of the right to due process in violation of the United States Constitution." *Cristini v. Mckee*, 526 F.3d 888, 897 (6th Cir. 2008) (citing *Floyd v. Alexander*, 148 F.3d 615, 619, (6th Cir.), *cert. denied*, 525 U.S. 1025, 119 S.Ct. 557 (1998)).  A habeas court must therefore "accept as valid a state court's interpretation of the statutes and rules of practice of that state."  *Id.* (citing *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)).  Moreover, Hruby does not establish cause and prejudice excusing the procedural default.  The Court is therefore barred from considering Hruby's second claim for relief.

### IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation and **DENIES** Petitioner Hruby's § 2254 petition.  Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and no basis exists upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. 22(b).

IT IS SO ORDERED.

Dated: April 8, 2009     s/ *James S. Gwin*
                          JAMES S. GWIN
                          UNITED STATES DISTRICT JUDGE